# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

AARON L. JACOBS, JR,

        Plaintiff,

     v.                                  Case No. 14-C-0038

CAPTAIN LARRY MALCOMSON, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Aaron L. Jacobs, Jr., who is incarcerated at the Brown County Jail as a pretrial detainee, has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis* and a motion for appointment of counsel.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.50.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Based on the detailed allegations in his twenty-page complaint, it appears that Jacobs has stated the following claims: (1) denial of procedural due process based on allegations that he has been subjected to significantly more restrictive conditions without notice or hearing; (2) cruel and unusual punishment and/or denial of due process (depending on whether he is a pretrial detainee or an inmate serving a sentence) based on the conditions of his confinement; (3) cruel and unusual punishment and/or denial of due process based on deliberate indifference to serious medical needs; and (4) denial of his right of access to the courts. The deliberate indifference to serious medical needs are based on allegations that the correctional officer defendants have essentially taken little or no action in the face of Jacobs' efforts to harm himself by cutting his arm with a staple. An inmate who chooses to injure himself will generally have difficulty proving a claim against the guards who fail to prevent him from succeeding. *Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882 (E.D. Wis. 2006). But where the inmate suffers from a mental illness, such claims are not uncommon. Here, Jacobs alleges he suffers from a significant mental illness that is exacerbated by the harsh conditions of his confinement. Based on the allegations of the complaint, which must be accepted as true at this stage of the proceedings, I cannot say that he does not have a claim. Accordingly, his case will proceed.

Jacobs has named eighteen defendants and an additional 1-50 John or Jane Does. None of the named defendants would seem to be policy makers for the jail, so Jacobs must show personal involvement in order to establish liability. His allegations, though somewhat thin at this point, are sufficient to provide notice of his claim and the named defendants will be required to answer. The

2

Jane and John Does are dismissed. If Jacobs learns the identity of additional defendants through discovery, he may seek to amend at a later time.

In addition, Plaintiff has also moved for appointment of counsel. Although civil litigants, whether incarcerated or not, do not have a constitutional or statutory right to appointed counsel, courts have the discretion to recruit attorneys to represent indigents pro bono in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Id.* at 654. Once this burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to litigate the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* at 654–655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). In exercising its discretion, the court is to "take account of all evidence in the record relevant plaintiff's capacity to litigate." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, Plaintiff fails the threshold inquiry because he has made no effort to obtain counsel on his own. He claims that he is unable to do so because he is not "allowed access to a lawyers directory" or provided "indigent weekly envelopes." (Mot. for Appointment of Counsel 2–3, ECF No. 4.) But these reasons are not sufficient to conclude that he is "effectively precluded" from attempting to obtain counsel. *Pruitt*, 503 F.3d at 655. Although Plaintiff may not have had paper and envelopes prior to initiating this lawsuit, his filings in this case indicate that he has access to these materials at the present time. And while Plaintiff may not have access to a directory of lawyers, there are a number of other avenues he could use to obtain contact information for any of the numerous law firms in Wisconsin.

3

Regardless, even if these obstacles did effectively preclude him from obtaining counsel on his own, it is impossible to determine the complexity of this case or Plaintiff's competency to litigate his case at the present time. To the extent that the Court can discern the complexity of the factual and legal issues, it does not appear that the case is overly complex despite the number of Defendants and the possible medical issues raised. Plaintiff is an eye witness to all of the conditions which he claims are unconstitutional. Further, his factual allegations related to his medical conditions and treatment, appear unlikely to require expert medical testimony. For example, a significant portion of his case is that his diagnosed mental conditions have been ignored by medical staff and that corrections officers have observed and ignored his attempts to harm himself. In effect, his deliberate indifference claim is that jail staff have done nothing despite his obvious medical needs. Expert medical testimony would be unnecessary to establish that an inmate actively cutting his wrists should receive some medical attention. Finally, Plaintiff appears competent to proceed with the case himself in spite of his apparent medical conditions. Plaintiff has set forth his claim with detail and clarity and appears capable of effectively communicated with the Court. If, as the case proceeds, it appears that counsel is needed to ensure Plaintiff a fair opportunity to enforce his constitutional rights, the Court will reconsider his request for counsel. Accordingly, at this time, his motion to appoint counsel will be denied without prejudice.

In sum, Plaintiff will be allowed to proceed on some of his claims under for due process, denial of adequate medical care, conditions of confinement and lack of access to the courts. However, his claims under the First Amendment will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED.**

4

**IT IS FURTHER ORDERED** that the plaintiff's motion appointment of counsel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Brown County Sheriff or his designee shall collect from the plaintiff's prisoner trust account the $347.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Brown County Sheriff, the Brown County Corporation Counsel, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857.

5

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court - WIED
> United States Courthouse
> 125 S. Jefferson St., Suite 102
> Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this __18th__ day of February, 2014.


　__s/ William C. Griesbach_____
William C. Griesbach, Chief Judge
United States District Court

6